In the Matter of the Petition of MARTIN DUNN, JR., to Disbar a Member of the Bar.

*Unjustifiable attempt to disbar an attorney — abuse of the process of the court — power to punish the moving party as for a contempt.*

In this proceeding, which was an application for the disbarment of an honorable and honored member of the legal profession, the court placed on its record its decision that the charges were utterly false and unfounded.

*It seems,* that the court has no power to punish an alleged client for his abuse of its process by preferring unfounded charges of professional malfeasance against an attorney for the purpose of procuring his disbarment.

THIS case arises upon a petition presented to this court by one Martin Dunn, Jr., asking that Lewis E. Griffith, an attorney and counselor of this court, be disbarred and prohibited from practicing in the courts of record of this State, because of the matter charged against him in such petition.

Upon the return day of such petition Mr. Griffith appeared in person and asked for an immediate and thorough investigation of the charges, and the matter was thereupon referred to a referee to hear the charges and take proof thereof, and report the same, together with his opinion thereon, to this court. The district attorney of Ulster county was designated, under section 68 of the Code of Civil Procedure, to conduct the prosecution.

The referee has made his report wherein he completely exonerates Mr. Griffith from the charges made against him, and a motion is now made for a confirmation of such report.

*C. F. Cantine, District Attorney,* for the prosecution.

*William J. Roche,* for the defendant.

PER CURIAM:

The evidence and the report thereon presented to us are both very voluminous, and there is no occasion for an extended review of either; but justice to the person accused requires that a brief statement of the matter be placed on record by us.

The charges made against Mr. Griffith were, that he was retained by Mr. Dunn to commence an action against an insurance company upon a policy of insurance, the claim for loss upon which had been assigned to Dunn; that after being so retained Mr. Griffith accepted a retainer and appeared for the insurance company, and thereafter, without the knowledge of Dunn, settled the action that had been commenced upon the policy, and received upon such settlement two checks amounting to $848.46, payable to the order of Dunn; that Dunn never indorsed said checks; that Griffith did indorse them, collected the money upon them, and refused to pay the same over to Dunn.

This settlement he charges to have been made in 1891.

The facts, as shown by the evidence and reported by the referee, are that Mr. Griffith was never retained by Mr. Dunn; that the action upon the policy of insurance referred to by Dunn was tried in 1893, nearly two years after the alleged settlement; it was hotly contested, and the insurance company was successful. Mr. Griffith conducted the trial for the insurance company.

Mr. Dunn was not a party to the record in that action, but the

same was prosecuted in the name of one Susie Van Debogart as plaintiff, and after the trial of the action Dunn charged one of the plaintiff's attorneys in such action with having received and cashed the same checks that he now charges Mr. Griffith with having received and cashed; that attorney died some two or three years ago, and shortly thereafter Dunn commenced making these charges against Mr. Griffith, which finally ended in his making this application to the court.

The evidence shows conclusively that the insurance company never settled the claim in question; that it never paid anything thereon, except for the services of counsel in defending the action brought against it; that it never issued any checks or check payable to the order of Dunn in payment of said claim or for any other purpose.

In short, the charges are absolutely and utterly without any foundation, not only not having the support of a scintilla of evidence, but being utterly refuted by all the evidence in the case.

We feel that the process of the court has been abused for the purpose of smirching the reputation and humiliating a member of the bar.

If the court had the power it would be a peculiarly proper case to exercise it for the purpose of punishing the person who has thus abused its process; but the power of the court in this case to punish as for a contempt is so doubtful that we feel constrained not to attempt its exercise.

We do not know of anything the court can do or say to mitigate the cruelty of the charges against an honorable member of the profession, except to place upon record this expression of our views, further adding that the most charitable view to take of the matter, and one which has much support in the evidence, is that the charges arise out of the delusions of an unbalanced mind.

The report of the referee is confirmed and the charges dismissed.

All concurred.

Report of referee confirmed and charges dismissed.